IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHAMSING KETMANY,<br><br>Plaintiff,<br><br>vs.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>Defendant.<br>_____/ | No. CIV S-05–0837-WBS-CMK<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, who is proceeding with retained counsel, brings this action for judicial review of a final decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). Pending before the court are plaintiff's motion for summary judgment (Doc. 20) and defendant's motion for remand (Doc. 24).

In her motion for summary judgment, plaintiff argues that: (1) the ALJ failed to properly evaluate plaintiff's depression; (2) the ALJ failed to properly evaluate the medical opinions; (3) the ALJ failed to properly evaluate plaintiff's pain testimony; and (4) the ALJ erred in finding that plaintiff could perform her past relevant work. Plaintiff seeks a remand with instructions that benefits be paid. In her motion for remand, defendant concedes that the ALJ's

1

analysis of the opinion evidence was insufficient. Defendant states the case should be remanded pursuant to sentence four of 42 U.S.C. § 405(g), with the following specific instructions:

> The Appeals Counsel will obtain the claim file pertaining to Plaintiff's December 2004, application for supplemental security income, which the Commissioner allowed, and determine whether the allowance was proper.
>
> If the allowance is affirmed, the Appeals Council will remand only the April 4, 2003, application to an ALJ who will be directed to further consider the record evidence, including Dr. Kulkarni's, Dr. Defreitas' and the state agency reviewing physicians' assessments of Plaintiff's work limitations. If the ALJ does not accept these assessments, the ALJ will explain why. The ALJ also will reevaluate the claimant's residual functional capacity (RFC) and ascertain what, if any, impact Plaintiff's limitations have on her ability to work. The ALJ will obtain vocational expert testimony if necessary.
>
> If the Appeals Counsel finds that the subsequent allowance of the December 2004 application is not supported and can be reopened under the Commissioner's regulations, the Appeals Counsel will reopen the subsequent allowance, and direct the ALJ to consolidate the April 2003 and December 2004 applications and issue a new decision.

Plaintiff has not filed an opposition to defendant's motion to remand.

Because, as defendant concedes, the ALJ did not properly evaluate the various medical opinions in this case, and because the result of the administrative proceedings may be different if the ALJ conducts a proper analysis, a remand is appropriate. The court, however, declines to recommend a remand with instructions that benefits be paid. Rather, the court accepts defendant's proposed remand for further proceedings. Specifically, before benefits should be paid, the Commissioner must be given an opportunity to properly evaluate the medical opinions of record. The court does not, therefore, recommend that benefits be directly awarded at this time.

Based on the foregoing, the court concludes that the parties agree that a remand is appropriate because the Commissioner's final decision is not based on a proper analysis of the medical opinions.. Accordingly, the undersigned recommends that:

    1.    Plaintiff's motion for summary judgment be granted;

    2.    Defendant's motion for remand be granted;

3. This matter be remanded for further proceedings as outlined herein; and

4. The Clerk of the Court be directed to enter judgment and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 16, 2006.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE